**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALTON E. HANDFIELD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1080-RWS |
| WELLS FARGO BANK, N.A. and | : | |
| McCALLA RAYMER, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court for consideration of Plaintiff's Application to Appeal *in Forma Pauperis* [37].  After reviewing the record, the Court enters the following Order.

On March 6, 2013, the Court entered an Order [34] adopting the Report and Recommendation [26] of Magistrate Judge Linda T. Walker and granting the Motions to Dismiss [9 and 12] filed by Defendants.  The Court also denied Plaintiff's Motion for Trial by Jury [30] and Motion to Compel Defendants to Produce Promissory Note and Motion to Vacate Magistrate's Order [33].  On April 5, 2013, Plaintiff filed a Notice of Appeal [36] appealing the Court's March 6 Order denying Plaintiff's Objection to Court Order and Motion for

Trial by Jury.  Plaintiff also filed an Application to Appeal *in Forma Pauperis*

[37] which is presently before the Court for consideration.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. §

1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915

provides:

> (a)(1) [A]ny court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or
> proceeding, civil or criminal, or appeal therein, without prepayment
> of fees or security therefor, by a person who submits an affidavit that
> includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor. Such
> affidavit shall state the nature of the action, defense or appeal and
> affiant's belief that the person is entitled to redress.

. . .

> (3) An appeal may not be taken in forma pauperis if the trial court
> certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in
> forma pauperis must file a motion in the district court. The party must
> attach an affidavit that:
> > (A) shows . . . the party's inability to pay or to give security for
> > fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.

. . .

> (3) . . . A party who was permitted to proceed in forma pauperis in the
> district-court action . . . may proceed on appeal in forma pauperis
> without further authorization, unless: (A) the district court--before or

2

after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good faith.

Plaintiff has submitted an affidavit demonstrating his inability to pay the filing fee required for an appeal. Having reviewed that filing, the Court finds that Plaintiff has made the requisite showing. The Court therefore turns to examine whether Plaintiff has satisfied the good faith requirement.

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th

Cir. 1993). Stated differently, an *in forma pauperis* action is frivolous, and thus

not brought in good faith, if it is "without arguable merit either in law or fact."

Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being

convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991)

(per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it

should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n.,

936 F.2d 512, 515 (11th Cir. 1991).

   Both § 1915(a) and Rule 24(1) require the individual seeking to appeal *in*

*forma pauperis* to submit a statement of good faith issues to be appealed. See,

e.g., FED. R. APP. P. 24(1)(C) ("The party must attach an affidavit that . . . states

the issues that the party intends to present on appeal."). A statement of issues to

be appealed enables the court to determine whether the appeal would be

frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F.

Supp. 757, 760 (D.C. La. 1963).

   The Court now turns to address the question of whether an appeal by

Plaintiff in this case would be taken in good faith.  The case arises out of the

alleged wrongful foreclosure of Plaintiff's property.  In this action, Plaintiff

asserted claims against Defendant Wells Fargo for wrongful foreclosure and

violations of the Fair Debt Collection Practices Act ("FDCPA").  Plaintiff

appears to assert that the assignment of his security deed was fraudulent.  He

also claims that Wells Fargo failed to validate his debt.  The Court found that

Plaintiff lacked standing to challenge the assignment of his security deed to

Wells Fargo.  And, in any event, the assignment of the security debt appears to

be proper.  The Court held that Plaintiff's FDCPA claim failed because

foreclosing on Plaintiff's property was not a debt collection activity covered by

the FDCPA.  Defendant McCalla Raymer's Motion to Dismiss was granted

because Plaintiff failed to allege any wrongdoing by McCalla Raymer in the

Complaint.  Plaintiff's Notice of Appeal identifies no issues that have arguable

merit either in law or fact.  Therefore, the Court concludes that any appeal taken

from this matter would be frivolous and without arguable merit.  Therefore,

Plaintiff's Application to Appeal *in Forma Pauperis* [37] is hereby **DENIED**.

    **SO ORDERED**, this  10th  day of April, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)